**COMMONWEALTH of Pennsylvania**

**v.**

**Thomas HENDERSON, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 2007.

Filed Dec. 11, 2007.

Nicole D. Sloane, Erie, for appellant.

John H. Daneri, Asst. Dist. Atty., Erie, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., MUSMANNO and PANELLA, JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 Thomas Henderson appeals from the judgment of sentence of July 20, 2006, following his plea of guilty to robbery, aggravated assault, recklessly endangering another person ("REAP"), and possession of instruments of a crime ("PIC"). On appeal, appellant challenges the legality of his sentence. For the following reasons, we vacate the sentence on the aggravated assault charge, but in all other respects affirm.

¶ 2 On April 6, 2006, appellant entered an open guilty plea to the above charges in connection with an incident that occurred on January 20, 2006, at the Paper Moon restaurant in Erie, Pennsylvania, in which appellant held a knife against the victim's throat and took $280 from the cash register. (Notes of testimony, 4/6/06 at 9–11.) At the guilty plea hearing, appellant was informed he faced a maximum sentence of 47 years' incarceration. (*Id.* at 8.)

¶ 3 Appellant originally appeared for sentencing on June 6, 2006, before the Honorable Ernest J. DiSantis, Jr. After the entry of his plea, during preparation of the pre-sentence investigation report, it was discovered that appellant, as a two-time recidivist offender, faced a mandatory sentence of 25 to 50 years' incarceration pursuant to Section 9714 of the Sentencing Code. (Notes of testimony, 6/6/06 at 6.) Sentencing was continued for appellant to determine whether or not he wanted to withdraw his plea. (*Id.* at 7.)

¶ 4 Appellant re-appeared for sentencing on July 20, 2006. At that time, he determined to let his plea stand. (Notes of testimony, 7/20/06 at 9.) On the count of robbery, the trial court imposed the mandatory sentence of 25 to 50 years' incarceration; on the aggravated assault charge, the trial court also imposed a mandatory sentence of 25 to 50 years; and on PIC, 30 to 60 months, with all sentences running concurrently for an aggregate sentence of 25 to 50 years. (*Id.* at 24–25.) REAP merged for sentencing purposes. (*Id.* at 25.)

¶ 5 A *pro se* motion to modify and reduce sentence was filed July 25, 2006, and denied on July 26, 2006. Timely notice of appeal was filed August 21, 2006. Appellant filed a concise statement of matters complained of on appeal pursuant to Pa. R.A.P.1925(b), and the trial court has filed an opinion. (Docket Nos. 15, 16.)

¶ 6 Appellant brings the following issues for this court's review:

1. Was the second, concurrent, 'three strikes' sentence illegal and not authorized by the applicable statute?
2. Were both of the 'three strikes' sentences illegal and not authorized by the applicable statute, since the legislature did not intend the statute to reach defendants by virtue of federal convictions such as that of the appellant?

Appellant's brief at 3.

¶ 7 As appellant's arguments raise pure questions of law, our standard of review is

*de novo* and our scope of review is plenary. *Commonwealth v. Jarowecki*, 923 A.2d 425, 428 (Pa.Super.2007), citing *Commonwealth v. Sloan*, 589 Pa. 15, 22, 907 A.2d 460, 465 (2006). Section 9714 of the Sentencing Code provides, in relevant part:

**§ 9714. Sentences for second and subsequent offenses**

**(a) Mandatory sentence.—**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

(a.1) **Mandatory maximum.—**An offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence, notwithstanding 18 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9714(a), (a.1). Appellant had two prior convictions for robbery, one from 1992 and one from 2001. Both robbery and aggravated assault are "crimes of violence" as defined in § 9714(g). Therefore, appellant was a "third strike" recidivist offender and the 25 to 50–year mandatory sentence applied.

¶ 8 Turning to appellant's first issue on appeal, appellant argues that the trial court erred in imposing two 25 to 50–year sentences pursuant to § 9714.[1] We

---

1. This issue was not raised in the trial court, in post-sentence motions, or in appellant's Rule 1925(b) statement. However, it goes to the legality of appellant's sentence, which cannot be waived. *Commonwealth v. Edrington*, 780 A.2d 721, 723 (Pa.Super.2001) (so long as jurisdictional requirements are met, an illegal sentence can never be waived) (cita-

tions omitted). This court has held that a challenge to the application of a mandatory minimum sentence implicates the legality of sentencing. *Commonwealth v. Nieves*, 935 A.2d 887, 888 (Pa.Super.2007) citing *Commonwealth v. Vasquez*, 560 Pa. 381, 744 A.2d 1280 (2000). Furthermore, here, both robbery and aggravated assault were first-degree

agree. This issue was specifically addressed by our supreme court in *Commonwealth v. McClintic*, 589 Pa. 465, 909 A.2d 1241 (2006). In that case, McClintic was charged with, *inter alia*, robbery and burglary, both committed on the same date and as part of a single criminal episode. As appellant in the instant case, McClintic had two prior convictions for crimes of violence as that term is defined by § 9714(g). At sentencing, the trial court imposed consecutive 25 to 50–year sentences on both the robbery and burglary charges, for an aggregate sentence of 50 to 100 years.[2]

¶ 9 The *McClintic* court held it was improper for the trial court to impose two separate sentence enhancements of 25 to 50 years' imprisonment for two crimes which occurred during the same criminal episode. In doing so, the court emphasized the "recidivist philosophy" underpinning § 9714 which allows for heightened punishment for repeat offenders only where their convictions for crimes of violence, and corresponding terms of incarceration, are sequential and each is separated by an intervening opportunity for reform. *Id.* at 477–478, 909 A.2d at 1248–1249, discussing *Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185 (2005).

¶ 10 In *Commonwealth v. Dickerson*, 533 Pa. 294, 621 A.2d 990 (1993), our supreme court noted that the point of sentence enhancement is to punish more severely offenders who persevere in criminal activity despite the theoretically beneficial effects of penal discipline. Relying on *Dickerson* and *Shiffler*, *supra*, the McClin-

tic court held that sentence enhancement was proper for one, but not both, crimes of violence:

> Following the recidivist logic, each strike that serves as a predicate offense must be followed by sentencing and, by necessary implication, an opportunity for reform, before the offender commits the next strike. Here, the burglary, which was the fourth strike for which the second sentence enhancement was imposed, occurred prior to the conviction, sentence, and opportunity to reform incident to the third-strike offense of robbery, and therefore does not comport with *Dickerson* or *Shiffler*.

*Id.* at 483, 909 A.2d at 1252.

¶ 11 In the case *sub judice*, appellant received a 25 to 50–year mandatory sentence for robbery as a "third strike," and then another 25 to 50–year sentence enhancement for aggravated assault as a "fourth strike." Both charges arose from the same incident, and appellant was convicted and sentenced for both on the same dates. Applying the sentence enhancement for both robbery and aggravated assault was in error; and therefore, we will vacate the sentence for aggravated assault.

¶ 12 Although, as the Commonwealth points out, appellant's sentences were made concurrent whereas in *McClintic*, they were consecutive, this does not change *McClintic*'s holding that a defendant must first be sentenced for a "third strike" and given the opportunity to reform before he can be convicted and sentenced for a "fourth strike." However,

---

felonies punishable by a maximum of 20 years' imprisonment. Therefore, if application of the "three strikes" provision in § 9714(a)(2) was indeed error, appellant's sentence would exceed the statutory maximum.

**2.** The trial court also imposed consecutive sentences of 25 to 50 years for robbery and burglary brought in connection with a separate incident against the same victim; however, the court ordered the sentences for the two incidents be served concurrently so that the aggregate sentence for both remained 50 to 100 years. *Id.* at 470, 909 A.2d at 1244.

since appellant's sentences were concurrent, the trial court's overall sentencing scheme has not been compromised, and it is not necessary to remand for re-sentencing.

■ ¶ 13 In appellant's second issue, he contends his 2001 robbery conviction should not count for purposes of § 9714 because it was in federal, rather than state, court. Appellant argues that § 9714 requires the court to give a defendant oral and written notice of the penalties for a third conviction for a crime of violence, something that would be unlikely in federal court or a foreign jurisdiction. Subsection (a)(1) of § 9714 provides, "Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence." However, the following sentence states, "Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2)." 42 Pa.C.S.A. § 9714(a)(1). Furthermore, subsection (a)(2) provides, "Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required." 42 Pa.C.S.A. § 9714(a)(2).

■ ¶ 14 Appellant does not argue that the statute is unconstitutional as violative of due process because it punishes offenders who might be unaware they face a mandatory minimum 25–year sentence for a "third strike" conviction in Pennsyl-vania; and it is axiomatic that ignorance of the law is not a defense. Appellant argues the statute's deterrent effect is reduced when an offender does not know the penalties he faces for a second or third conviction for a crime of violence. However, the statute's language is unambiguous that proof the offender knew or should have known of its penalties is not required; and indeed, the statute applies retroactively to prior convictions which occurred before its enactment. *Commonwealth v. Smith*, 866 A.2d 1138 (Pa.Super.2005), *appeal denied*, 583 Pa. 682, 877 A.2d 462 (2005).

■ ¶ 15 Appellant urges us to interpret the language in subsection (a)(1) requiring notice of the penalties for a third conviction for a crime of violence as evincing the legislature's intent that the statute not apply to "second strikes" in foreign jurisdictions or in federal court, since such notice would likely not be given. However, where the language of a statute is clear and free from ambiguity, we may not resort to statutory construction in an attempt to ascertain the intent of the General Assembly. *McClintic, supra* at 472–473, 909 A.2d at 1245–1246 (citations omitted). Here, the plain language of the statute is clear that while notice is required, proof of it is not and the statute applies in any case. In addition, appellant's claim the statute was not intended to apply to prior convictions in foreign jurisdictions is directly refuted by subsection (g) of § 9714.[3] *Compare Commonwealth v. Tay-*

---

**3.** **(g) Definition.**—As used in this section, the term 'crime of violence' means murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping, burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense *or an equivalent crime in another jurisdiction.*

*lor,* 831 A.2d 661 (Pa.Super.2003) (defendant's federal conviction for bank robbery was an "equivalent crime" under § 9714).

¶ 16 As appellant's prior federal conviction for robbery counted as a "second strike" under § 9714, his argument fails. However, for the reasons discussed *supra,* imposition of enhanced sentences for both aggravated assault and robbery was in error. Therefore, we will vacate the sentence for aggravated assault. Because the aggregate sentence remains the same, we need not remand for re-sentencing.

¶ 17 Judgment of sentence affirmed in part and reversed in part. The sentence of 25 to 50 years for aggravated assault is vacated.

42   Pa.C.S.A. § 9714(g) (emphasis added).