J-S33018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS HENDERSON | |
| Appellant | No. 1158 WDA 2015 |

Appeal from the PCRA Order July 7, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-0000306-2006

BEFORE:  GANTMAN, P.J., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 12, 2016**

Appellant, Thomas Henderson, appeals *pro se* from the order entered on July 27, 2015, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On March 9, 2006, the Commonwealth charged Appellant with various crimes in relation to a knifepoint robbery at the Papermoon Restaurant in Erie, Pennsylvania on January 20, 2006.  On April 6, 2006, Appellant pled guilty to robbery, aggravated assault, recklessly endangering another person (REAP), and possessing an instrument of crime (PIC).[1]  On June 6, 2006, Appellant appeared for sentencing.  Upon preparing the pre-

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1), 2702(a)(1), 2705, and 907, respectively.

*Former Justice specially assigned to the Superior Court.

sentence investigation report, "it was discovered that [Appellant] was a recidivist offender who fell under the purview of 42 [Pa.C.S.A. §] 9714" because this criminal episode represented Appellant's third violent felony, and, as a result, Appellant was "facing a [mandatory sentence of] 25 to 50 years" of incarceration. N.T., 6/6/2006, at 5-6. However, Appellant "was not advised of that at the time of the entry of the plea[.]" *Id.* at 6. Accordingly, the trial court granted a continuance. At a sentencing hearing held on July 20, 2006, the trial court gave Appellant the option to withdraw his plea and stand trial or to allow Appellant to let his plea stand. N.T., 7/20/2006, at 9. Appellant reaffirmed his plea. *Id.* The trial court sentenced Appellant to a mandatory term of 25-50 years of incarceration for robbery, an identical, concurrent term of imprisonment for aggravated assault, and a concurrent term of 30 to 60 months of incarceration for PIC. *Id.* at 24-25. Appellant's REAP charge merged with his aggravated assault conviction for sentencing purposes. *Id.* at 25. On July 25, 2006, Appellant filed a motion to modify his sentence. The trial court denied relief by order on July 26, 2006.

In an opinion filed on December 11, 2007, a panel of this Court vacated the aggravated assault sentence, but affirmed Appellant's judgment of sentence in all other respects. *See Commonwealth v. Henderson*, 938 A.2d 1063 (Pa. Super. 2007). Because Appellant's aggregate sentence remained the same, the trial court's sentencing scheme was not upset and we did not remand the case for resentencing. *Id.* On July 2, 2008, the

Pennsylvania Supreme Court denied further review. *Commonwealth v. Henderson*, 954 A.2d 575 (Pa. 2008).

On December 3, 2008, Appellant filed a *pro se* PCRA petition. On December 5, 2008, the PCRA court appointed counsel to represent him. On December 16, 2008, appointed counsel filed a petition for leave to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 17, 2008, the PCRA court gave Appellant notice it intended to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. By order entered on January 7, 2009, the PCRA court dismissed Appellant's PCRA petition and ordered him to retain private counsel or proceed *pro se*. Appellant did not file an appeal.

On April 30, 2015, Appellant filed a *pro se* motion to vacate illegal sentence. Citing the United States Supreme Court decision *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Appellant averred that his mandatory minimum sentences under 42 Pa.C.S.A. § 9714, the recidivist statute allowing for sentence enhancements for prior convictions for violent crime, were unconstitutional. By order entered on May 12, 2015, the PCRA court appointed counsel to represent Appellant and noted that it was treating Appellant's request for relief under the PCRA.[2] On June 10, 2015,

---

[2] Appellant does not challenge the PCRA court's treatment of the filing under the PCRA. Regardless, the PCRA court's assessment was proper. It is
*(Footnote Continued Next Page)*

appointed counsel filed a petition for leave to withdraw and a "no-merit" letter pursuant to **Turner**/**Finley**. On June 12, 2015, the PCRA court gave Appellant notice it intended to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. By order entered on July 7, 2015, the PCRA court dismissed Appellant's PCRA petition. This timely appeal resulted.[3]

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013), *citing* 42 Pa.C.S.A. § 9542.

[3] Appellant filed a *pro se* notice of appeal on July 27, 2015. On July 30, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on August 7, 2015, raising the following issues:

> 1. Defendant[']s sentence is illegal due to recent U.S. Supreme Court decisions, recent Pennsylvania Supreme Court decisions, and Pennsylvania Superior Court decisions;
>
> 2. Defendant's sentence is unconstitutional because of recent U.S. Supreme Court decisions, Pennsylvania Supreme Court decisions, and Pennsylvania Superior Court decisions.

Appellant's Rule 1925(b) Statement, 8/7/2015, at 1. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 11, 2015 finding Appellant's claims "waived as vague." PCRA Court Opinion, 8/11/2015, at 2 (unpaginated).

> We have previously determined:
>
> > it is well-established that [an a]ppellant's concise statement must properly specify the error to be addressed on appeal. The Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. Further, this Court may find waiver where a concise statement is too vague. When a court has to guess what issues an appellant is appealing,

*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issues, *pro se*, for our review:

1. Was Appellant sentenced under an unconstitutional statute in which the entire statute is not severable?

2. Can Appellant be sentence[d] pursuant to 42 Pa.C.S.A. § 9714 as a third strike offender when he was never sentenced as a second strike offender?

Appellant's Brief at 4 (complete capitalization omitted).

In his first issue presented, Appellant "argues that pursuant to many Pennsylvania mandatory minimum sentencing statutes from the Superior Court and Supreme Court cases that 42 Pa.C.S.A. § 9714 should be declared unconstitutional in it's [sic] entirety in light of **Alleyne**[.]" **Id.** at 8.

---
*(Footnote Continued)*

that is not enough for meaningful review. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all.

**In re A.B.**, 63 A.3d 345, 350 (Pa. Super. 2013) (internal citations, quotations and original brackets omitted).  Here, while Appellant's Rule 1925(b) statement is, in fact, vague, in his underlying petition Appellant specifically cited **Alleyne**, challenged the recidivist statute at Section 9714 as unconstitutional and argued that his sentence was illegal.  Thus, the PCRA court did not have to guess at the issues presented on appeal.  We could find waiver, but do not.  In its Rule 1925(a) opinion, the PCRA court addressed, in the alternative, the issue on the merits and determined "**Alleyne** and its progeny do not apply retroactively on collateral review where a judgment of sentence is final."  PCRA Court Opinion, 8/11/2015, at 2 (unpaginated) (citations omitted).  However, as discussed **infra**, the PCRA court lacked jurisdiction to entertain Appellant's PCRA petition.  "[I]t is established that we can affirm the trial court on any valid basis." **Commonwealth v. Kemp**, 961 A.2d 1247, 1254 (Pa. Super. 2008).

- 5 -

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014) (bracket omitted). "[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007). Stated differently, "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013) (citation omitted).

This Court stated:

> The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> \*          \*          \*
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition

- 6 -

[….] are met.[4]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame[.]

**Commonwealth v. Lawson**, 90 A.3d 1, 4-5 (Pa. Super. 2014) (internal citations and quotations omitted).

Here, Appellant appealed his judgment of sentence and the Pennsylvania Supreme Court denied review on July 2, 2008.  Thus, his judgment of sentence became final 90 days later, or on September 30, 2008, after the time for seeking *certiorari* with the United States Supreme Court expired.  **See** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment

---

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[.]"); U.S.Sup.Ct.R. 13 (providing "a petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review[.]"). Appellant's most recent PCRA petition, filed on April 30, 2015 is patently untimely and Appellant did not assert any exceptions to the PCRA's jurisdictional timing requirement. Hence, the trial court did not have jurisdiction to entertain Appellant's sentencing claim.

Finally, we note that Appellant filed his most recent PCRA petition raising his *Alleyne* claim on April 30, 2015, almost two years after *Alleyne* was decided on June 17, 2013. Hence, he did not present the claim within 60 days of the date the claim could first have been presented. Moreover, during the pendency of this appeal, our Court issued an opinion in the case of *Commonwealth v. Ruiz*, 2015 WL 9632089 (Pa. Super. 2015), which determined that *Alleyne* is not retroactive and cannot serve as the basis for invoking the timeliness exception found at 42 Pa.C.S.A. § 9545(b)(1)(iii). Thus, there was simply no jurisdiction to entertain Appellant's claim.

Lastly, even if it is ultimately determined that **Alleyne** is entitled to retroactive application to cases pending on collateral review,[5] Appellant's precise claim is such that he cannot rely on the decision to invoke the timeliness exception found at 42 Pa.C.S.A. § 9545(b)(i)(iii). Our Court has recently determined, in the context of review on direct appeal:

> In **Alleyne**, the Supreme Court of the United States established that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. However, the Supreme Court has recognized a narrow exception to this rule for prior convictions. **Id.** at 2160, n.1 (*citing* **Almendarez–Torres v. United States**, 118 S.Ct. 1219, (1998)). In **Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa. Super. 2015), this Court specifically found that Section 9714 is not rendered unconstitutional under **Alleyne** as it provides for mandatory minimum sentences based on prior convictions. Accordingly, as [a]ppellant was similarly sentenced to a mandatory minimum sentence under Section 9714 for his prior conviction of a crime of violence, Appellant's sentencing challenge has no merit.

**Commonwealth v. Bragg**, 2016 WL 490006, at *4 (Pa. Super. 2016). Applying **Bragg** in the context of the PCRA, **Alleyne** offers no right upon which Appellant can rely for purposes of invoking Section 9545(b)(i)(iii).

Next, in his second issue presented, Appellant contends that the trial court improperly determined that he was a third-strike offender under 42 Pa.C.S.A. § 9714. Appellant's Brief at 12-17. Again, Appellant is presenting

---

[5] **See**, **e.g.**, **Commonwealth v. Aybar**, 1224 MDA 2014 (October 26, 2015) (*en banc* review granted to address retroactive application of **Alleyne** in timely filed PCRA petitions).

an illegal sentencing claim in an untimely PCRA petition. The PCRA court lacked jurisdiction to address this claim. Moreover, Appellant never presented this issue in his PCRA petition or in his Rule 1925(b) statement. Thus, Appellant also waived this claim. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2016