J-S52032-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SYEEN HILL, | : | |
| | : | |
| Appellant | : | No. 422 MDA 2018 |

Appeal from the Judgment of Sentence February 14, 2018
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005746-2015

BEFORE:   BENDER, P.J.E., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED OCTOBER 31, 2018**

Syeen Hill (Appellant) appeals from the February 14, 2018 judgment of sentence imposed following a stipulated nonjury trial.  For the following reasons, we vacate the sentence on the person not to possess a firearm charge, but affirm in all other respects.

We begin with a brief procedural history.  Appellant was charged with one count each of possession with intent to deliver (PWID) cocaine, person not to possess a firearm, receiving stolen property, and possession of drug paraphernalia.  Appellant filed a pre-trial motion to suppress the search of his residence, person, and vehicle.  Following a hearing, the trial court denied the motion to suppress as to the search of Appellant's person and vehicle, but granted the motion to suppress as to the search of his residence.  The Commonwealth appealed, and this Court reversed the order granting

*Retired Senior Judge appointed to the Superior Court.

suppression and remanded. *See Commonwealth v. Hill*, 174 A.3d 62 (Pa. Super. 2017) (unpublished memorandum).

Following remand, Appellant proceeded to a stipulated nonjury trial on February 14, 2018. One of the stipulations included the admission of Appellant's interview with police, wherein he admitted to possessing the cocaine with intent to deliver, possessing the firearm, and knowing that the firearm was stolen. N.T., 2/14/2018, at 14-15. Based on the stipulations and the incorporation of the suppression hearing transcript, the trial court found Appellant guilty as charged. The trial court sentenced Appellant that same day to a term of 5 ½ to 11 years of incarceration for PWID, 5 ½ to 11 years of incarceration for person not to possess a firearm, 30 months to 5 years of incarceration for receiving stolen property, and one year of probation for possession of drug paraphernalia. The terms of incarceration were set to run concurrently, for an aggregate term of incarceration of 5 ½ to 11 years.

Appellant did not file a post-sentence motion. This timely-filed appeal followed. The trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of a concise statement, Appellant's counsel filed a notice of intent to file an *Anders*[1] brief pursuant to Pa.R.A.P. 1925(c)(4). Because Appellant did not raise any claims before the trial court, the trial court did not address any

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

claims in its Pa.R.A.P. 1925(a) opinion. **See** Trial Court Opinion, 3/27/2018. However, Appellant's counsel did not file an **Anders** brief with this Court.[2] Instead, "[i]n re-reviewing the case, counsel realized that the trial court ordered an illegal sentence [for person not to possess a firearm]." Appellant's Brief at 8.

Appellant's sole claim on appeal is that the trial court erred when it sentenced Appellant to 5 ½ to 11 years of incarceration for person not to possess a firearm because that is a felony of the second degree carrying a maximum statutory sentence of 10 years. Appellant's Brief at 4. Though Appellant did not raise this claim in a post-sentence motion or in his concise statement, it is not waived because it implicates the legality of his sentence. **See Commonwealth v. Kitchen**, 814 A.2d 209, 214 (Pa. Super. 2002) ("Unlike discretionary aspects of sentence, the legality of sentence is never waived and may be the subject of inquiry by an appellate court *sua sponte*.") (citation omitted).

"Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014) (citations and quotations omitted).

_____

[2] The Commonwealth notified this Court that it was not filing a responsive brief to Appellant's substantive brief on appeal. Letter, 7/20/2018.

Appellant was convicted of one count of person not to possess a firearm as a felony of the second degree. *See* 18 Pa.C.S. § 6105(a.1)(1). The maximum statutory sentence permissible for a felony of the second degree is 10 years of incarceration. 18 Pa.C.S. § 106(b)(3). The trial court notified Appellant of this prior to sentencing him. N.T., 2/14/2018, at 8. Nonetheless, the trial court sentenced Appellant at that count to 5 ½ to 11 years of incarceration. Thus, his sentence is illegal because his maximum sentence exceeds the statutorily authorized maximum sentence of 10 years.

Accordingly, we vacate Appellant's judgment of sentence as to his conviction for person not to possess a firearm. However, because Appellant was sentenced to a concurrent term of 5 ½ to 11 years of incarceration for PWID,[3] our disposition does not upset the trial court's overall sentencing scheme, and we need not remand for resentencing. *See Commonwealth v. Henderson*, 938 A.2d 1063, 1068 (Pa. Super. 2007) ("Because the aggregate sentence remains the same, we need not remand for re-sentencing.").

---

[3] We note that a sentence of 5 ½ to 11 years of incarceration is permissible for PWID. *See* 35 P.S. § 780-113(f)(1).

- 4 -

Portion of sentencing order imposing a sentence of 5 ½ to 11 years of incarceration for person not to possess a firearm vacated. Judgment of sentence affirmed in all other respects.

PJE Bender joins in the memorandum.

Judge McLaughlin files a concurring and dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2018