J-S74026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE S. ALEXANDER | |
| Appellant | No. 1190 EDA 2017 |

Appeal from the Judgment of Sentence imposed November 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0014428-2013

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 11, 2019**

Appellant, Tyrone S. Alexander, appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County imposed on November 22, 2016.  Appellant argues that the sentencing court should have merged his predicate robbery conviction with his second-degree conviction for sentencing purposes.  We agree.  Accordingly, we vacate the sentence with respect to robbery and affirm in all other respects.

The factual and procedural background are not at issue here.  Briefly, on July 13, 2013, at approximately 7:00 a.m., "Mr. Michael Wisman was in the area of the 2000 block of Simpson Street[, in Philadelphia,] when he was robbed by [A]ppellant who took his wallet and then fled after fatally shooting Mr. Wisman several times."  Appellant's Brief at 5.

On November 22, 2016, a jury found Appellant guilty of murder of the second degree, robbery, carrying a firearm with an obliterated serial number, carrying a firearm without a license, firearms on public property or public streets in Philadelphia, and possessing an instrument of crime. The trial court sentenced Appellant to life imprisonment for murder of the second degree, and 10-20 years' incarceration on the robbery conviction to run concurrently with his life sentence. Additionally, the trial court imposed the following terms of incarceration: 5 to 10 years for possession of a firearm with an obliterated serial number; 3½ to 7 years for carrying a firearm without a license; 2½ to 5 years for carrying a firearm on public property or public streets in Philadelphia; and 2½ to 5 years for possessing an instrument of crime, all to run consecutively to each other and to the robbery sentence – an aggregate of 23½ to 47 years of incarceration to run concurrently with Appellant's life sentence.

Appellant filed a post-sentence motion, challenging the weight and the sufficiency of the evidence, which was denied by operation of law on April 6, 2017. This appeal followed.

As noted, Appellant argues, and the Commonwealth and the trial court agree, that the robbery conviction should have been merged with the second-degree murder conviction for sentencing purposes. Failure to do so resulted in an illegal sentence. We agree.

"Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence. Consequently, our standard

of review is *de novo* and the scope of our review is plenary. ***See***

***Commonwealth v. Collins***, 764 A.2d 1056, 1057, 1057 n.1 (Pa. 2001).

Section 9765 provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other.

A criminal homicide constitutes second-degree murder, or "felony murder," if "it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b). Enumerated felonies include robbery, rape, deviate sexual intercourse by force or threat of force, arson, burglary, and kidnapping. 18 Pa.C.S.A. § 2502(d).

It is well-established that the predicate felony merges with a second-degree murder conviction for purposes of sentencing. ***See***, ***e.g.***, ***Commonwealth v. Rushing***, 99 A.3d 416, 420 (Pa. 2014); ***Commonwealth v. Adams***, 39 A.3d 310, 325 (Pa. Super. 2012), *aff'd*, 104 A.3d 511 (Pa. 2014). In other words, a predicate felony and second-degree murder *ipso facto* (1) arise from a single criminal act, and (2) all of the

elements of the predicate felony are included within the elements of second-degree murder.  ***See***, ***e.g.***, ***Adams***, 39 A.3d at 325.

In this case, the predicate felony for Appellant's second-degree murder conviction was robbery.  ***See*** 18 Pa.C.S.A. § 2502(d); ***Commonwealth v. Tarver***, 426 A.2d 569, 570 (Pa. 1981);[1] Criminal Information, 12/10/13, at 1; Trial Court Opinion, 1/16/18, at 14. Thus, the two convictions merge for sentencing purposes.

Accordingly, we are constrained to vacate the judgment of sentence pertaining to Appellant's robbery conviction, and affirm the remainder of Appellant's judgment of sentence.  As vacatur of Appellant's judgment of sentence with respect to the robbery count does not disrupt the trial court's overall sentencing scheme, we decline to remand for resentencing.  ***See Commonwealth v. Henderson***, 938 A.2d 1063, 1067–68 (Pa. Super. 2007).

Judgment of sentence with respect to robbery vacated.  Judgment of sentence affirmed in all other respects.  Jurisdiction relinquished.

---

[1] In ***Tarver***, the Supreme Court held that robbery is a "constituent offense" of second-degree murder and thus the "same offense" under the double jeopardy test set forth in ***Blockburger v. United States***, 284 U.S. 299 (1932)). ***Tarver***'s analysis was based on a strict elements approach rooted in ***Blockburger***, which, in turn, reflects principles similar to those adopted by the General Assembly when enacting Section 9765. ***See Commonwealth v. Baldwin***, 985 A.2d 830, 837 n.6 (Pa. 2009); ***Commonwealth v. Wade***, 33 A.3d 108, 120 (Pa. Super. 2011) ("Our merger statute merely codified the adoption by the ***Tarver***/[***Commonwealth v. Anderson***, 650 A.2d 20 (Pa. 1994)] decisions of the ***Blockburger*** test and upholds the long-standing merger doctrine relative to greater and lesser-included offenses."). Thus, ***Tarver*** remains binding authority on this Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/19