J-S11025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RAMONE PIERCE :
:
Appellant : No. 983 WDA 2019

Appeal from the Judgment of Sentence Entered June 10, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008454-2018

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 27, 2020**

Ramone Pierce (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of two counts of possession with intent to deliver a controlled substance (PWID).[1] We affirm in part and vacate in part.

Appellant's convictions arise out of a controlled purchase of narcotics by a confidential informant (CI), which occurred on May 8, 2018 (the "May 8 controlled buy"). On that date, police observed Appellant exit his residence, enter his white Chrysler 300, and drive to a nearby restaurant to conduct the pre-arranged drug transaction. In the parking lot of the restaurant, the CI entered Appellant's car and purchased a plastic bag containing approximately 7 grams of narcotics, with $1,250 in pre-recorded U.S. currency. Relevant to

---

[1] 35 P.S. § 780-113(a)(30).

this appeal, the bag contained a compound mixture comprised of inseparable amounts of heroin and fentanyl. The police subsequently apprehended Appellant and charged him with two counts of PWID and other drug charges.

Prior to trial, the Commonwealth filed a notice of its intent to present evidence of other crimes or wrongs at trial, pursuant to Pennsylvania Rule of Evidence 404(b)[2] (Rule 404(b) motion). The Commonwealth asserted:

> [After the May 8 controlled buy, o]n May 28, 2018, [police] officers again arranged a controlled buy with [the same] CI from [Appellant] (the May 28 controlled buy). During the surveillance of the May 28 controlled buy, after the CI contacted [Appellant] to arrange for the purchase of heroin, officers watched [Appellant] exit [his] residence … and enter his white Chrysler 300. Officers then followed [Appellant] and observed him meet with the CI. After [Appellant] and the CI departed, the CI was searched and

---

[2] Rule 404(b) provides, in relevant part, as follows:

> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that[,] on a particular occasion[,] the person acted in accordance with the character.

> **(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case[,] this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b).

found in possession of suspected heroin.[3]  [Appellant] is currently only charged in connection with the May 8 controlled buy.[4]  At trial, the Commonwealth intends to offer evidence[, pertaining to the May 28 controlled buy, which] tend[s] to prove that [Appellant] has committed some other crimes, wrongs, or acts that establish intent, identity, the absence of mistake or accident.

Rule 404(b) motion, 12/19/18, at 3 (footnotes added; footnote in original, paragraph numbering and breaks omitted).

In opposition to the Rule 404(b) motion, Appellant filed a motion *in limine* seeking to exclude evidence related to the May 28 controlled buy.  Prior to the beginning of Appellant's jury trial, the trial court denied Appellant's motion and ruled that the evidence was admissible under Rule 404(b).

At trial, the CI was not called to testify on behalf of the Commonwealth, purportedly out of concern for the CI's safety.  The defense attacked the credibility of the CI and his or her account that Appellant had sold narcotics to the CI.  The defense emphasized that no other witness implicated Appellant in the May 8 controlled buy, and the police did not recover any narcotics, contraband, or pre-recorded buy money during a subsequent search of Appellant's residence.

---

[3] Notably, the CI purchased the same amount of suspected narcotics, for the same purchase price, as he did previously in the May 8 controlled buy.  The drug transaction also occurred outside the same restaurant where the CI had met Appellant during the May 8 controlled buy.

[4] The Commonwealth did not conduct laboratory testing of the purported narcotics that Appellant sold to the CI during the May 28 controlled buy.

The jury found Appellant guilty of two counts of PWID (counts 1 and 4). Importantly, one count pertained to the heroin contained in the compound mixture that Appellant sold to the CI, and the other count pertained to the fentanyl. The jury acquitted Appellant of the remaining drug charges.

On June 10, 2019, the trial court imposed identical sentences on both of Appellant's PWID convictions: 30 to 75 months in prison, followed by one year of probation. The trial court ordered the sentences to run concurrently. Appellant timely filed a notice of appeal. The trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied. The trial court then issued a Rule 1925(a) opinion.

Appellant presents two issues for our review:

I. DID THE TRIAL COURT VIOLATE THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND PENNSYLVANIA CONSTITUTIONS BY SENTENCING [APPELLANT] SEPARATELY FOR POSSESSION WITH THE INTENT TO DELIVER EACH COMPONENT OF A COMPOUND MIXTURE?

II. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT DENIED [APPELLANT'S] MOTION *IN LIMINE* SEEKING TO PRECLUDE THE COMMONWEALTH FROM INTRODUCING EVIDENCE RELATED TO THE PURCHASE OF DRUGS WHICH OCCURRED AFTER THE INCIDENT IN QUESTION AND [SUCH EVIDENCE] WAS MORE PREJUDICIAL THAN PROBATIVE OF ANY OF THE ISSUES AT TRIAL?

Appellant's Brief at 7.

In his first issue, Appellant argues that pursuant to the recent decision of this Court in *Commonwealth v. Ramsey*, 214 A.3d 274 (Pa. Super. 2019), the trial court violated his protection against double jeopardy by sentencing

him on two separate counts of PWID, where the charges pertained to a single compound mixture comprised of two inseparable controlled substances. *See* Appellant's Brief at 14-17.[5] We agree that *Ramsey* is directly on point and controlling, as did the trial court in its Rule 1925(a) opinion.[6]

In *Ramsey*, the appellant was convicted of, and sentenced on, two separate PWID counts stemming from his single sale of a compound mixture comprised of two inseparable controlled substances, *i.e.*, heroin and fentanyl. *Ramsey*, 214 A.3d at 276. We held that the sentence violated the appellant's protection against double jeopardy, stating:

> [a]ppellant received separate sentences for two counts that each alleged, at bottom, a single criminal act in violation of [35 P.S. §] 780-113(a)(30). Each count pertained to a different controlled substance. However, as [a]ppellant observes, there is nothing in the plain language of [s]ection 780-113(a)(30) that states that the particular drug delivered is an element of the offense – all that is required is that a controlled substance is delivered. Rather, the specification of the particular drug delivered relates only to the [offense gravity score] and the maximum possible penalties for violating the Drug Act. [*See*] 204 Pa. Code § 303.15 (assigning an offense gravity score to each offense and subcategorizing (a)(30) offenses by type (or schedule) of substance and weight)); *see also* 35 P.S. §§ 780-113(f), (n), (o) (stating the grading and maximum penalties for particular schedules of substances).
>
> * * *
>
> [W]e conclude that the trial court violated [a]ppellant's protection against double jeopardy by imposing separate sentences for

---

[5] This claim presents a question of law; therefore, our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Mullins*, 918 A.2d 82, 84 (Pa. 2007).

[6] The Commonwealth likewise agrees. *See* Commonwealth Brief at 11.

> convictions that stemmed from his single sale of a compound substance containing *inseparable* controlled substances.

*Ramsey*, 214 A.3d at 278 (emphasis added; citations to brief and quotation marks omitted). The *Ramsey* Court also held that the separate sentences imposed on the respective PWID convictions were illegal because the convictions merged for sentencing purposes. *See id.* at 278-79.

Pursuant to *Ramsey*, we must vacate one of Appellant's PWID convictions (count 4) and the corresponding sentence imposed on that

conviction.[7, 8]

We next address Appellant's second issue challenging the trial court's denial of his motion *in limine*, and admission of other act evidence regarding the May 28 controlled buy, pursuant to Pa.R.E. 404(b). **See** Appellant's Brief at 18-26. Appellant contends that unfairly prejudicial evidence was improperly proffered to (1) establish that he had a criminal propensity; and (2) bolster the credibility of the CI, who did not testify at trial. **See id.** at 25-26. Appellant further emphasizes that the purported narcotics that he sold to the CI during the May 28 controlled buy were never tested, and complains

_____

[7] We need not vacate the entire judgment of sentence and remand for resentencing, as our decision does not alter the trial court's overall sentencing scheme, and the sentence imposed on Appellant's PWID conviction at count 1 is legal. Specifically, because the respective sentences imposed on both PWID convictions were identical and the trial court ordered the sentences to run *concurrently*, no remand is necessary. **See Commonwealth v. Alicea**, 449 A.2d 1381, 1385 n.9 (Pa. 1982) (stating that where a case requires the correction of a sentence, the reviewing Court has the option of either remanding for resentencing or amending the sentence directly); **Commonwealth v. Henderson**, 938 A.2d 1063, 1067 (Pa. Super. 2007) (stating that "since appellant's sentences were concurrent, the trial court's overall sentencing scheme has not been compromised, and it [wa]s not necessary to remand for re-sentencing[,]" after we vacated an unlawful sentence imposed on one count in a multi-count case); **Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006) (same).

[8] Unlike **Ramsey**, the trial court in this case did not err in imposing a sentence on Appellant's single lawful conviction of PWID, nor does Appellant make this claim. **Cf. Ramsey**, 214 A.3d at 282-83 (holding that the sentencing court erred in calculating Ramsey's prior record score, vacating the judgment of sentence, and remanding for resentencing).

that the Commonwealth only had a "*hunch* that it's probably a drug mixture[.]" *Id.* at 22 (emphasis in original).

We review orders denying motions *in limine*, and granting the admission of evidence, for an abuse of discretion. *Commonwealth v. Mangel*, 181 A.3d 1154, 1158 (Pa. Super. 2018).

> Even where evidence of other crimes is prejudicial, it may be admitted where it serves a legitimate purpose. Pursuant to the Pennsylvania Rules of Evidence, these other purposes include, *inter alia*, proving: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other; or (5) to establish the identity of the person charged…. Pa.R.E. 404(b)(2). Rule 404(b) does not distinguish between prior and subsequent acts.

*Commonwealth v. Wattley*, 880 A.2d 682, 685 (Pa. Super. 2005) (citations omitted); *see also Commonwealth v. Collins*, 703 A.2d 418, 423 (Pa. 1997) ("[a]lthough evidence of a subsequent offense is usually less probative of intent than evidence of a prior offense, evidence of a subsequent offense can still show the defendant's intent at the time of the prior offense.").

When offered for one of the above legitimate purposes, other bad act evidence is admissible if its probative value outweighs its potential for "unfair prejudice." Pa.R.E. 404(b)(2). "'Unfair prejudice' means a tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." *Commonwealth v. Dillon*, 925 A.2d 131, 141 (Pa. 2007) (quoting Pa.R.E. 403, cmt). "Additionally, when weighing the potential for prejudice, a trial court may

consider how a cautionary jury instruction might ameliorate the prejudicial effect of the proffered evidence." *Id.*

One of the permissible purposes for which other bad act evidence can be introduced is to prove the identity of the person charged with the commission of the crime. *Commonwealth v. Weakley*, 972 A.2d 1182, 1189 (Pa. Super. 2009). Additionally,

> [e]vidence of other crimes is admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or to establish the identity of the person charged with the commission of the crime on trial.

*Commonwealth v. Callen*, 198 A.3d 1149, 1164 (Pa. Super. 2018) (citation omitted). "Factors to be considered to establish similarity are the elapsed time between the crimes, the geographical proximity of the crime scenes, and the manner in which the crimes were committed." *Commonwealth v. Cain*, 29 A.3d 3, 7 (Pa. Super. 2011) (citation omitted).

Instantly, there were numerous similarities between the May 8 and May 28 controlled buys. Namely, they (1) occurred at the same location; (2) involved the same CI; (3) occurred within 20 days of each other; and (4)

involved the same amount of narcotics[9] and purchase price. **See** N.T., 3/14-15/19, at 9. Thus, the evidence concerning the May 28 controlled buy was properly admitted under Rule 404(b), since both of the controlled buys were closely linked temporally[10] and geographically, evidenced the like manner in which Appellant conducted the crimes, and showed his intent and common scheme to sell narcotics. **See, e.g., Commonwealth v. Kinard**, 95 A.3d 279, 286 (Pa. Super. 2014) (*en banc*) (holding that the trial court properly exercised its discretion in admitting evidence of appellant's subsequent bad acts, *i.e.*, inculpatory prison phone calls discussing ongoing drug transactions, where the probative value of the calls, though "highly prejudicial," "outweighed the potential for prejudice in that it was circumstantial evidence of appellant's intent, proof of his motive, and identity as the actor in the [prior]

_____

[9] Appellant's objection that the purported narcotics he sold to the CI during the May 28 controlled buy were never tested is unavailing; Appellant's actions constituted a nearly identical bad act, even assuming that the drugs were counterfeit. **See** 35 P.S. § 780-113(a)(30) and (f) (imposing criminal liability for the distribution of counterfeit controlled substances). Additionally, the prosecution explained to the jury why Appellant was not charged in connection with the May 28 controlled buy, *i.e.*, to protect the identity and safety of the CI. **See** N.T., 3/14-15/19, at 71-72; **see also Commonwealth v. Reid**, 811 A.2d 530, 550 (Pa. 2002) (explaining that other bad act evidence can be admitted where it tends to demonstrate the chain or sequence of events which formed the history of the case and the natural development of the facts).

[10] Contrary to Appellant's claim, the two controlled buys were not too remote in time. **See**, **e.g.**, **Commonwealth v. Clayton**, 483 A.2d 1345, 1349 (Pa. 1984) (admitting subsequent bad act evidence of a shooting where the offenses were substantially similar, and stating that "the time span of four months between the two incidents [does not] render this evidence inadmissible in view of the numerous similarities between the incidents.").

PWID charge."); **Callen**, **supra**; **Commonwealth v. Echevarria**, 575 A.2d 620, 623 (Pa. Super. 1990) (holding evidence that the CI purchased cocaine from defendant on two occasions shortly before defendant's arrest for a third sale of cocaine was relevant to the charge of PWID, and properly admitted under Rule 404(b)).

Moreover, the trial court properly weighed the probative value of the other bad act evidence in light of the potential for unfair prejudice in accordance with Pa.R.E. 404(b)(2). **See Kinard**, 95 A.3d 279, 286 (stating that "[i]n conducting the probative value/prejudice balancing test, courts must consider factors such as the strength of the other crimes evidence, the similarities between the crimes, the time lapse between crimes, the need for the other crimes evidence, … and the degree to which the evidence probably will rouse the jury to overmastering hostility." (citation and quotations omitted)). Further, although the bad act evidence was certainly prejudicial, the prejudice was ameliorated by a cautionary instruction that the trial court issued to the jury, **see** N.T., 3/14-15/19, at 186, explaining the limited purpose for which it could consider the evidence. **See Dillon**, **supra**; **see also Commonwealth v. Cash**, 137 A.3d 1262, 1280 (Pa. 2016) (stating that "[i]t is well settled that the jury is presumed to follow the trial court's instructions[.]") (citation omitted). Accordingly, we conclude that the trial court did not err in exercising its discretion in admitting the subsequent bad act evidence under Rule 404(b).

Consistent with the foregoing, we vacate Appellant's conviction and sentence, in part (on count 4 – PWID), and affirm the judgment of sentence in all other respects.

Judgment of sentence vacated in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2020