J-S66011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN JONES | |
| Appellant | No. 613 EDA 2019 |

Appeal from the PCRA Order entered February 7, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010070-2015

BEFORE:  STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 28, 2020**

Appellant, Steven Jones, appeals *pro se* from the February 7, 2019 order entered in the Court of Common Pleas of Philadelphia County, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends the trial court imposed an illegal sentence following his negotiated guilty plea for third-degree murder, violations of the Uniform Firearms Act ("VUFA"), and possession of instruments of crime ("PIC").[1]  Upon review, we affirm.

As the PCRA court explained:

On May 12, 2015, [Appellant] was arrested and charged with murder, violation of the Uniform Firearms Act and possessing the instrument of crime.  [Appellant] was bound over for court on all charges following a preliminary hearing on October 6, 2015.  [He]

---

[1] 18 Pa.C.S.A. §§ 2502(c), 6107 and 6108, and 907, respectively.

pled guilty to murder of the third degree, carrying firearms without a license, carrying firearms in public in Philadelphia and possessing an instrument of crime on December 4, 2017. In return for his plea, [Appellant] was sentenced to eighteen to forty years' incarceration for third degree murder, a consecutive one to seven years' incarceration for carrying a firearm without a license, one to five years consecutive for carrying a firearm on the streets of Philadelphia and consecutive one to five years' incarceration for possessing the instrument of a crime. No post-sentence motions or direct appeal were filed.

[Appellant] filed a [*pro se*] PCRA petition on August 27, 2018. New counsel was appointed who filed a **Finley**[1] no-merit letter and motion to withdraw on January 7, 2019. After an independent review, a notice of intent to dismiss, pursuant to Pennsylvania Rule of Criminal Procedure 907 was served upon the parties. [Appellant] filed objection to the 907 notice and on February 7, 2019, after another independent review, the petition was dismissed.[2] Timely appeal was made on February 19th and on the 4th of March 2019, a 1925(b) order was issued, giving [Appellant] twenty-one days to file a statement of matters complained of on appeal with the trial court. No such statement has been forthcoming.

> [1] **Commonwealth v. Finley**, 379 Pa. Super. 390. 550 A.2d 213 (1988).

PCRA Court Opinion, 4/23/19, at 1-2.

Appellant filed a brief with this Court raising two issues:

1. Whether the court erred in denying [Appellant's] PCRA petition due to the lack of subject matter jurisdiction.

2. Whether the federal court's actions in similar cases have created a precedent that the state courts should follow.

Appellant's Brief at 3 (some capitalization omitted).

---

[2] The court's order granted counsel's motion to withdraw and advised Appellant that he could proceed *pro se* or with retained counsel, but that no new counsel would be appointed. PCRA Court Order, 2/7/19, at 1.

- 2 -

We first note, as did the PCRA court, that Appellant failed to comply with the order to file a concise statement of errors complained of on appeal. The PCRA court suggests that Appellant's failure to file a Rule 1925(b) statement results in waiver of all issues on appeal. PCRA Court Opinion, 4/23/19, at 2 (citing, *inter alia*, **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011) and **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005)). We agree with the PCRA court that failure to file a Rule 1925(b) statement results in waiver of all issues. However, the waiver applies only to waivable issues. Our review of Appellant's brief leads us to conclude, as does the Commonwealth, that Appellant is presenting a challenge to the legality of his sentence, which cannot be waived, even in the absence of a Rule 1925(b) statement. **See, e.g., Commonwealth v. Henderson**, 938 A.2d 1063, 1066 n. 1 (Pa. Super. 2007) (legality of sentence not waived despite not being raised in Rule 1925(b) statement); **Commonwealth v. Williams**, 920 A.2d 887, 888 n.3 (Pa. Super. 2007) (legality of sentence issue is not waived under **Castillo** for filing an untimely concise statement). Therefore, to the extent Appellant is asking this Court to review the legality of his sentence, we shall consider his claim, mindful that we review the PCRA court's ruling to determine whether it is supported by the record and free of legal error, and that our review of the

PCRA court's legal conclusions is *de novo*. ***Commonwealth v. Rivera***, 199 A.3d 365, 373 (Pa. 2018).[3]

In his brief, Appellant essentially repeats verbatim the claims included in his PCRA petition. Both documents include conclusory legal statements, such as an assertion that because his prior record score is zero, "it's clear the sentence is outside the legal authorization prescribed, making this sentence illegal and a subject matter violation, from a defective plea agreement." Appellant's Brief at 7. However, Appellant does not explain in what way his sentence is "outside the legal authorization prescribed," except to note that his prior record score is zero. ***Id.***; PCRA Petition, 8/27/18, at 2 (unnumbered).

Although Appellant contends the trial court imposed an illegal sentence, our review disproves that assertion. As PCRA counsel explained in her ***Finley*** letter:

> Third degree murder, a felony of the third degree, carries a statutory maximum penalty of 20 to 40 years. VUFA § 6106, a felony of the third degree, carries a statutory maximum penalty of 3½ to 7 years. VUFA § 6108 and PIC, both misdemeanor crimes of the first degree, carry a statutory maximum penalty of 2½ to 5 years. Thus, the statutory maximum [Appellant] could have received had he either pleaded open or been found guilty of the

---

[3] Appellant's claim as phrased in his first issue, *i.e.*, lack of subject matter jurisdiction, would likewise survive the failure to file a Rule 1925(b) statement. However, in light of Appellant's failure to develop any viable jurisdictional argument and the fact he titles the argument section of his brief, "THE TRIAL COURT ERRED BY NOT CORRECTING ILLEGAL SENTENCE," Appellant's Brief at 6, we limit our discussion to his claim of an illegal sentence.

> aforementioned offenses after a jury trial is 28½ to 57 years. [Appellant's] sentence of 21 to 57 years is less than the statutory maximum.
>
> . . .
>
> The record shows that the court conducted an extensive oral plea colloquy and [Appellant] filled out a written plea colloquy. The Commonwealth intended to proceed to trial on the charge of murder generally. A conviction for first degree murder would have resulted in a mandatory sentence of life without parole. By pleading guilty, [Appellant] avoided the very real possibility of a life sentence. There is no evidence that [Appellant] entered into an involuntary or unknowing plea.

*Finley* Letter, 9/17/18, at 3-4.

To the extent Appellant believes his sentence is illegal because his aggregate sentence exceeds the maximum sentence for third-degree murder, he is mistaken. Appellant also entered guilty pleas to two counts of VUFA and one count of PIC. The trial court imposed sentences on each charge and ordered the sentences to run consecutively. As the Commonwealth recognizes, Appellant is not entitled to a "volume discount" by having his sentences run concurrently rather than consecutively. Commonwealth Brief at 6 (citing *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995)). Imposition of consecutive sentences that resulted in an aggregate sentence "within the statutory maximums [] cannot, on that ground alone, be considered illegal or inordinate." *Id.* (citing *Commonwealth v. Pollard*, 832 A.2d 517, 525 (Pa. Super. 2003)).

Appellant also claims "the sentence imposed is manifestly excessive as to constitute a severe punishment." Appellant's Brief at 6. Unlike legality of

sentence claims, Appellant's claims of excessiveness implicate the discretionary aspects of sentence and are waived for failure to preserve them in a Rule 1925(b) statement. *See, e.g., Commonwealth v. Dodge*, 77 A.3d 1263, 1268-69 (Pa. Super. 2013) (quoting *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa. 2012) ("to properly present a discretionary sentencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement")). Further, any claim relating to the imposition of consecutive rather than concurrent sentences would likewise implicate the discretionary aspects of sentence. *See Dodge*, 77 A.3d at 1268. Therefore, a claim on that basis is also waived for failure to preserve it in a concise statement. Similarly, to the extent Appellant suggests the PCRA court erred by dismissing his PCRA petition without an evidentiary hearing, he has not preserved the issue. Moreover, "[i]t is well settled that there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (internal quotation and alteration omitted). "The [PCRA] court's decision to deny a request for an evidentiary hearing . . . is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citation omitted). Here, because it was clear Appellant's sentence was not

an illegal sentence as asserted in his PCRA petition, the PCRA court did not abuse its discretion in dismissing the petition without an evidentiary hearing. Therefore, even if preserved, Appellant's claims of PCRA court error would not entitle him to any relief.

It is well settled that this Court may affirm on any basis. ***Commonwealth v. Clouser***, 998 A.2d 656, 661 n. 3 (Pa. Super. 2010). Therefore, for the reasons stated above, we affirm the PCRA court's February 7, 2019 order dismissing Appellant's PCRA petition.

Order affirmed.

Judge Nichols joins the memorandum.

President Judge Emeritus Ford Elliott concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/20