J-S46035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA IRWIN | : | |
| | : | |
| Appellant | : | No. 311 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 5, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003235-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA IRWIN | : | |
| | : | |
| Appellant | : | No. 312 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 5, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001726-2023

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: MARCH 25, 2025**

Appellant, Joshua Irwin, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his jury trial convictions for one count each of rape of a child, rape-forcible compulsion, sexual assault, unlawful contact with a minor, incest of a minor, and obstruction in child abuse cases; two counts each of involuntary deviate sexual intercourse with a child, aggravated indecent assault, corruption of minors,

and endangering the welfare of children; and three counts of indecent assault.[1]  We affirm in part, vacate in part, and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On March 28, 2022, M.I., who was 11 years old at the time, asked to speak with an employee at her elementary school, Elle Chaffee.  M.I. disclosed to Ms. Chaffee that Appellant, her father, was a "pedophile" and had been vaginally and anally raping M.I. for an extended period of time.  M.I. further reported that her father had most recently raped her the day before and had ejaculated onto a red towel at the conclusion of the assault.  M.I.'s statements were reported to the Allegheny County Police Department ("ACPD").

M.I. was transported from her school to the UPMC Children's Hospital for a forensic interview.  During the interview, M.I. reported that Appellant had been vaginally and anally raping M.I. since she was eight years old.  A sexual assault nurse examiner conducted a physical examination on M.I. and collected DNA samples from various parts of M.I.'s body.  The ACPD obtained a search warrant for Appellant's residence and seized the red towel that M.I. reported Appellant used while most recently raping her.  The ACPD also obtained a search warrant to conduct a physical examination of Appellant and collected DNA samples from Appellant.

The DNA samples obtained from M.I., Appellant, and the red towel were

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3121(a), 3124.1, 6318(a), 4302(b), 4958(b), 3123(b), 3125(b), 6301(a), 4304(a), and 3126(a), respectively.

tested. The results showed that male DNA was present on the external genitalia swabs taken from M.I. and Appellant's DNA profile matched the DNA profile from the external genitalia sample. Additionally, semen was present on the red towel and the DNA profile from the towel matched Appellant's DNA profile.

At the time that M.I. reported Appellant's abuse, M.I.'s half-sibling and Appellant's older daughter, K.I. was living with her maternal grandparents. After learning what M.I. reported, K.I. told her mother that Appellant had sexually abused her while K.I. was living with Appellant. Although K.I. was not initially forthcoming with the details of the abuse during her forensic interview, K.I. subsequently authored a statement as part of her therapy sessions which outlined the sexual offenses committed by Appellant against her. K.I. detailed, in part, that Appellant took showers with her, touched her private areas, and touched parts of her body until he ejaculated.

On March 29, 2022, the Commonwealth filed charges against Appellant under docket number CP-02-CR-3235-2022 ("Case No. 3235") for the sexual offenses committed against M.I. On February 3, 2023, the Commonwealth filed charges against Appellant under docket number CP-02-CR-1726-2023 ("Case No. 1726") for the sexual offenses committed against K.I. On May 26, 2023, the Commonwealth filed a motion to join the cases at both dockets and the cases were tried together.

A jury trial commenced on November 2, 2023. At trial, M.I., K.I., and various other witnesses testified to the facts as stated above. M.I. further

testified that she had previously attempted to report the abuse to law enforcement but felt pressured by Appellant to recant her statements. At the conclusion of trial, the jury convicted Appellant of the above-mentioned offenses. On February 5, 2024, the court sentenced Appellant to an aggregate term of 66 to 132 years' incarceration, followed by three years of probation across both dockets. Relevant to this appeal, the court sentenced Appellant to three years of probation for his obstruction in a child abuse case conviction.

On February 13, 2024, Appellant filed timely post-sentence motions at both dockets, challenging the weight of the evidence and the discretionary aspects of his sentence. The court denied the post-sentence motions on February 14, 2024. On February 21, 2024, Appellant's trial counsel filed a motion to withdraw, and Appellant filed a motion seeking to remove counsel and to proceed *pro se*. Following a hearing on March 7, 2024, the court granted trial counsel's request to withdraw and appointed new counsel to represent Appellant on appeal.

Appellate counsel filed timely notices of appeal at both dockets on March 13, 2024. On March 18, 2024, the court ordered Appellant to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). At Case No. 3235, appellate counsel filed a concise statement raising one issue, claiming that the court imposed an illegal sentence for Appellant's obstruction in a child abuse case conviction. At Case No. 1736, appellate

counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an **Anders**[2] brief in lieu of filing a concise statement. This Court consolidated the appeals *sua* sponte on April 10, 2024. On July 15, 2024, appellate counsel filed a petition to withdraw and an **Anders** brief with this Court.

Preliminarily, counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **See Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra** our Supreme Court addressed the briefing

_____

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *     *     *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw. The application states that counsel made a conscientious examination of the entire record and determined that the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the **Anders** brief and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional

points Appellant deems worthy of this Court's consideration.

In the **Anders** brief, counsel provides the facts and procedural history for this case. The argument section of the brief refers to relevant case law concerning Appellant's issues, and it provides citations to facts from the record. Counsel also provides the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel.

The only issue Appellant identified to counsel for appellate review is whether the court erred in failing to dismiss the charges against him in Case No. 3235 for failing to conduct trial in a timely manner pursuant to Pa.R.Crim.P. 600. Appellant asserts that the case proceeded to trial on November 2, 2023, which was more than 365 days after the criminal complaint was filed on March 29, 2022. Counsel, however, concluded that this issue was not preserved for appellate review because Appellant did not move to dismiss the charges against him pursuant to Rule 600. We agree with counsel that this issue is waived.

Rule 600 sets forth the speedy trial requirements and provides in pertinent part:

> **Rule 600.  Prompt Trial**
>
> **(A) Commencement of Trial; Time for Trial**
>
> \* \* \*

- 7 -

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

\* \* \*

Pa.R.Crim.P. 600.

"[A] motion to dismiss pursuant to Pa.R.Crim.P. 600 **must** be made in writing, and a copy of such motion must be served on the Commonwealth's attorney." ***Commonwealth. v. Brock***, 619 Pa. 278, 287, 61 A.3d 1015, 1020 (2013) (emphasis added). "[T]he plain language of Rule 600 does not implicate a due diligence inquiry until, as calculated from the filing of an existing complaint, the applicable period has elapsed and a defendant files a motion to dismiss the charges." ***Commonwealth. v. Peterson***, 19 A.3d 1131, 1135 (Pa.Super. 2011), *aff'd,* 615 Pa. 587, 44 A.3d 655 (2012).

Instantly, Appellant failed to move to dismiss his charges based on the speedy trial rule before the trial court. As such, Appellant has waived this claim on appeal. ***See Brock, supra***. ***See also*** Pa.R.A.P. 302(a) (stating: "Issues not raised in the trial court are waived and cannot be raised for the

first time on appeal").[3]  Thus, we agree with appellate counsel that Appellant

is not entitled to relief on his Rule 600 claim.[4]

_____

[3] To the extent Appellant argues that trial counsel provided ineffective assistance by failing to file a Rule 600 motion, that claim must await collateral review.  **See Commonwealth v. Rosenthal**, 233 A.3d 880 (Pa.Super. 2020) (reiterating general rule that ineffectiveness claims are not cognizable on direct appeal and must be deferred until collateral review).

[4] In the **Anders** brief, counsel further averred that he carefully reviewed Appellant's case, including the issues raised by trial counsel in Appellant's post-sentence motions, and determined that they were frivolous.  Specifically, counsel noted that there is no merit to a weight of the evidence claim because the Commonwealth's evidence supported each of Appellant's convictions and Appellant did not testify or present any fact or character witnesses in his defense.  Further, counsel explained that the jury convicted Appellant of all charges except for one count of involuntary deviate sexual intercourse, indicating that the jury found the Commonwealth witnesses to be largely credible.  **See Commonwealth v. Champney**, 574 Pa. 435, 832 A.2d 403 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (holding that weight of evidence is exclusively for finder of fact who is free to believe all, part, or none of evidence and to determine credibility of witnesses).  Regarding a challenge to the discretionary aspects of Appellant's sentence, counsel noted that the court had the benefit of a presentence investigation ("PSI") report, weighed the appropriate sentencing factors, and imposed mandatory minimum sentences (based on the ages of the victims as determined by the jury on the verdict sheet) or sentences that were in the mitigated or standard ranges of the sentencing guidelines for all of Appellant's convictions.  Additionally, counsel concluded the court did not abuse its discretion in imposing consecutive sentences because the aggregate sentence imposed is not clearly excessive in light of the egregious criminal conduct at issue in this case.  **See Commonwealth v. Corley**, 31 A.3d 293 (Pa.Super 2011) (reiterating that when sentencing court has benefit of PSI report and imposed sentence in standard-range of guidelines, sentence is not considered excessive or unreasonable).  **See also Commonwealth v. Brown**, 249 A.3d 1206, 1212 (Pa.Super 2021) (holding that sentencing court does not abuse its discretion by imposing consecutive sentences unless aggregate sentence is grossly disparate to defendant's conduct, or viscerally appears as patently unreasonable).  Upon our review of the record, we agree with counsel's conclusions that these issues do not entitle Appellant to relief.

Having concluded that appellate counsel has met the antecedent requirements to withdraw, we now conduct an independent review of the record to determine whether there are any additional, non-frivolous issues preserved on appeal. **See Palm, supra**. We reiterate that after filing a notice of appeal, appellate counsel filed a Rule 1925(b) statement at Case No. 3235 and identified the following issue:

> This Honorable Court erred in imposing an illegal sentence at Count 10 ("Intimidation, retaliation or obstruction in child abuse cases") because the offense was charged and graded as a "misdemeanor 2" offense under 18 Pa.C.S.A. §§ 4958(b.1) and (c)(2), respectively, and carries a statutory maximum sentence of two (2) years under 18 Pa.C.S.A. § 106(b)(7). However, this Honorable Court's sentence of three (3) years of probation (i) exceeds the statutory maximum by one (1) year; (ii) is not an offense for which a mandatory term of three (3) years of probation is required (notwithstanding the otherwise-applicable statutory maximum) under 42 Pa.C.S.A. § 9718.5; and (iii) is therefore an illegal sentence.

(Rule 1925(b) Statement, filed 5/9/24, at 2-3) (unpaginated).

Following its review of the Rule 1925(b) statement, the trial court agreed that it imposed an illegal sentence for Appellant's obstruction in a child abuse case conviction. On May 31, 2024, while the current appeal was pending, the court entered an order amending the judgment of sentence to vacate Appellant's sentence for the obstruction conviction. The court explained its decision as follows:

> Appellant correctly states that he was charged at the obstruction count as a misdemeanor of the second degree. Appellant is likewise correct that the maximum sentence for a second-degree misdemeanor is two years. 18 Pa.C.S. §

- 10 -

> 1104. Therefore, the imposed sentence exceeds the statutory maximum, and Appellant is entitled to relief at that count. However, as Appellant was sentenced concurrently to three years of probation at four other counts at the two docket numbers, the sentencing scheme remains intact, and a resentencing hearing is not required.

(Trial Court Opinion, filed 5/31/24, at 3).

Nevertheless, we observe that a trial court may modify or rescind any order within 30 days after its entry, if no appeal has been taken. 42 Pa.C.S.A. § 5505. Generally, when a notice of appeal has been filed, the trial court is divested of jurisdiction to act further in the matter except in limited circumstances. Pa.R.A.P. 1701. "However, this rule must be read in conjunction with a court's inherent powers to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term." *Commonwealth v. Klein*, 566 Pa. 396, 400, 781 A.2d 1133, 1135 (2001) (citation omitted) (holding that trial court had jurisdiction to amend sentencing order to correct error in calculation of time served notwithstanding pending appeal).

Thus, "[u]nder limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes." *Id.* The trial court's ability to correct mistakes is not limited "to those errors evident on the face of the order, but rather … correction of a patent defect or mistake **in the record**." *Commonwealth v. Holmes*, 593 Pa. 601, 616, 933 A.2d 57, 66 (2007) (citation omitted)

(emphasis in original).

In other words, after a notice of appeal is filed, a trial court may amend a sentencing order to correct an illegal sentence if it is "a patent mistake, a fact apparent from a review of the docket without resort to third-party information." *Id.* Nevertheless, this is a limited judicial power and the "exception to the general rule of Section 5505 cannot expand to swallow the rule." *Id.* at 617, 933 A.2d at 66. As such, "[n]ot all illegal sentences will be amenable to correction as patent errors." *Id.* at 617, 933 A.2d at 67. "It is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. *Id.*

Here, Appellant filed a notice of appeal on March 13, 2024, which divested the trial court of jurisdiction to amend the judgment of sentence except to correct patent and obvious mistakes. *See* Pa.R.A.P. 1701; *Holmes, supra*; *Klein, supra*. On May 31, 2024, after reviewing Appellant's Rule 1925(b) statement and while the appeal was pending, the trial court entered an amended sentencing order which vacated Appellant's sentence for the obstruction conviction. This order went beyond correcting a patent error or mistake that was evident on the face of the order or from review of the record. Rather, the court entered the order because it concluded that the sentence was illegal based on its interpretation of the statutory language of Section 1104. (*See* Trial Court Opinion at 3). As such, the court exceeded its limited judicial power to amend the judgment of sentence after an appeal has been

filed.[5] *See Holmes, supra*; *Klein, supra*. Accordingly, the trial court's May 31, 2024 amended sentencing order is a legal nullity. *See generally Commonwealth v. Fantauzzi*, 275 A.3d 986 (Pa.Super. 2022), *appeal denied*, ___ Pa. ___, 289 A.3d 41 (2022) (explaining that orders entered by trial court without jurisdiction were null and void *ab initio*).

Next, we proceed to address whether the trial court was correct in concluding that the sentence for Appellant's obstruction conviction as set forth in the original sentencing order is illegal. "[T]his Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.*" *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super. 2014) (citation omitted). Issues related to the legality of a sentence are questions of law. *Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa.Super 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008). Our "standard of review is *de novo* and our scope of review is plenary." *Id.*

Obstruction in a child abuse case is generally graded as a misdemeanor of the second degree. *See* 18 Pa.C.S.A. § 4958(c)(2). "A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and **shall be not more than ... two years** in the case of a misdemeanor of the second degree." 18

---

[5] We note that the proper course of action here would have been for the trial court to explain in its Rule 1925(a) opinion why it believed the sentence was illegal and to request **this Court** to vacate the allegedly illegal sentence.

Pa.C.S.A. § 1104 (emphasis added).  ***See also*** 18 Pa.C.S.A. § 106(b)(7) (stating: "A crime is a misdemeanor of the second degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than two years").  Further, a court may not impose a term of probation which exceeds the maximum term for which a defendant may be confined.  ***See*** 42 Pa.C.S.A. § 9754(a).

Here, the court sentenced Appellant to three years of probation for his obstruction conviction.  Sections 1104 and 106(b)(7) set forth a maximum sentence of two years' imprisonment for an offense that is graded as a misdemeanor of the second degree.  ***See*** 18 Pa.C.S.A. §§ 1104 and 106(b)(7).  As such, the court imposed a term of probation that exceeds the maximum term for which Appellant could be confined for the obstruction conviction.  ***See*** 42 Pa.C.S.A. § 9754(a).  Thus, we agree with Appellant and the trial court that Appellant's sentence for his obstruction conviction is illegal, and we vacate that sentence.  As the trial court noted, Appellant was sentenced to serve concurrent sentences of three years' probation at multiple other counts.  Therefore, our disposition does not disrupt the overall sentencing scheme, and there is no need to remand for resentencing.  ***See Commonwealth v. Henderson***, 938 A.2d 1063 (Pa.Super. 2007), *appeal denied*, 598 Pa. 746, 954 A.2d 575 (2008) (holding that remand for resentencing is not necessary when this Court vacates portion of judgment of sentence and aggregate sentence remains identical).

Our independent review of the record does not reveal any additional, non-frivolous issues preserved on appeal. *See Palm, supra*. Accordingly, we vacate Appellant's sentence for the obstruction in a child abuse case conviction; and affirm Appellant's judgment of sentence in all other respects.

Judgment of sentence vacated in part and affirmed in part. Application to withdraw is granted.

President Judge Lazarus joins this memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/25/2025