J-S41030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STAMAR RICHARD MILLER | : | |
| | : | |
| Appellant | : | No. 125 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 11, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000459-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STAMAR RICHARD MILLER | : | |
| | : | |
| Appellant | : | No. 126 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 11, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002858-2022

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.: **FILED JUNE 10, 2025**

Appellant, Stamar Richard Miller, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial convictions for two counts of involuntary deviate sexual intercourse, and one count each of sexual assault, burglary, recklessly endangering another person, false imprisonment, unlawful restraint, possession of an instrument of crime, robbery, criminal trespass, theft by

unlawful taking, and receiving stolen property.[1]  We affirm in part, vacate in

part, and grant counsel's petition to withdraw.

The trial court set forth the factual history of this case as follows:

On May 18, 2020, Officer Kevin Wiley ("Officer Wiley") of Tinicum Township was flagged down by a motorist … who told [him] that someone was locked inside the Sunoco Gas Station ("Sunoco") and asked for 9-1-1 services. … Upon [entering the Sunoco,] Officer Wiley … could … hear someone crying loudly behind the locked office door.  That person told Officer Wiley that [he was] tied up and could not move.

… Officer Wiley forced the door open and observed a male victim on the top of the stairway leading to the upstairs office.  The victim's hands and feet were bound, with the victim's hands bound so tightly that his arms had turned blue. … The victim told Officer Wiley that he was forced upstairs and sexually assaulted by a black male wearing a green sweatshirt with "Philadelphia Eagles" written on it.

The victim, Digitpal Singh [("Victim")], explained that he was alone working his cashier shift when [Appellant] entered the store and bought a black knit cap. … [Appellant] produced a folding knife, opened the window to the cashier's booth and jumped into the cashier's booth.

[Appellant] tied [Victim]'s hands with an extension cord [that was] lying in the cashier's booth.  Then, [Appellant] locked the main entrance of the Sunoco.  [Appellant] took [Victim] into the employees only area behind the cashier booth and began to smoke a cigarette. … [Appellant] forced [Victim] to kneel and … perform fellatio.  Then [Appellant] undressed [Victim] and put [Victim]'s shirt in his mouth. [Appellant] attempted to anally penetrate [Victim.]

Afterward, [Appellant] told [Victim] to pull up his pants and

_____

[1] 18 Pa.C.S.A. §§ 3123(a), 3124.1, 3502(a), 2705, 2903(a), 2902(a), 907(a), 3701(a), 3503(a), 3921(a), and 3925(a), respectively.

took [Victim] to the cash register in the cashier's booth. [Appellant] forced [Victim] to open the cash register and [Appellant] took all the money inside. … Then, [Appellant] forced [Victim] back into the employees only area and up to the top of the stairway leading to the upstairs office. …

[Appellant] cut off a piece of the cord of a nearby vacuum cleaner and tied [Victim]'s legs and hands to the railing at the top of the stairs. [Appellant] walked back down the stairs and placed waters in front of the door to the employees only section, where [Victim] was tied up. [Appellant] then pulled out all the outside security cameras.

On the same day, Detective James Simpkins, Jr. ("Detective Simpkins") arrived on the scene. … [Victim] informed Detective Simpkins that [Appellant] had a surgical mask on and had two phones with him during the assault.

[While] processing the crime scene, Detective Simpkins found a surgical mask behind the employee counter. Officers found a partially smoked cigarette where the victim was tied up … and two cell phones on the scene. The surgical mask and cigarette were examined for DNA analysis.

[Victim] underwent a sexual assault examination at Taylor Hospital. The DNA recovered during the examination was submitted for DNA analysis.

On the same day, May 18, 2020, Officers recovered video footage from the Sunoco and other businesses in the surrounding area. The footage revealed the suspect walking towards the Sunoco at 8:18 a.m. In the footage, the suspect was smoking and wearing a green "Philadelphia Eagles" sweatshirt…. At 8:56 A.M. the same day, the suspect was seen running away from the Sunoco with a black knit hat. Subsequently, the police released photographs and video of the suspect to the news media and social media sites.

On May 22, 2020, Detective Simpkins received an anonymous tip, which identified [Appellant] as the suspect in the photographs and video released to the public. Detective Simpkins looked up [Appellant] in the police

database [and] found [that Appellant's picture] matched the suspect in the photographs and video.

On May 25, 2020, Detective Simpkins prepared a photographic array for [Victim] to identify [Appellant.] … [Victim] identified [Appellant] as the [person] who robbed and assaulted him.

As a result, on May 27, 2020, Detective Simpkins along with Corporal William Young executed a search warrant for a buccal swab from [Appellant.] [They] executed this search warrant while [Appellant] was incarcerated at George Hill Correctional Facility for a separate crime.[2] Detective Simpkins … sent [Appellant]'s buccal swab out for DNA analysis.

Thomas Gavel ("Mr. Gavel"), a forensic DNA scientist for the Pennsylvania State Police DNA Laboratory, analyzed the DNA in this matter. The lab found the surgical mask had [Appellant]'s DNA on it. The cigarette did not have enough DNA for DNA analysis. DNA recovered from [Victim]'s perianal swabs matched [Appellant.] DNA recovered from [Victim]'s oral swabs matched [Appellant.]

(Trial Court Opinion, filed 3/22/24, at 1-5) (citations omitted).

On September 10, 2020, under docket CP-23-CR-0000459-2021 ("Docket No. 459"), the Commonwealth filed a criminal complaint charging Appellant with the aforementioned offenses in relation to this incident. At the preliminary hearing, the court held nine charges for court but dismissed the following four counts: robbery, criminal trespass, theft by unlawful taking, and receiving stolen property. On February 17, 2021, the Commonwealth filed an information that charged Appellant with the nine counts held for court.

On November 16, 2021, while he was represented by counsel, Appellant

_____

[2] Appellant was arrested by the Chester Police Department later in the day on May 18, 2020 for an unrelated narcotics offense.

- 4 -

filed several *pro se* motions, including a motion to suppress physical evidence. The court docketed Appellant's *pro se* filings and forwarded it to counsel of record. On December 1, 2021, Appellant's counsel filed a motion to withdraw as counsel, which the court granted on December 21, 2021. On December 23, 2021, the court appointed Dean Browning, Esquire ("Attorney Browning") to represented Appellant. On March 14, 2022, while he was represented by Attorney Browning, Appellant filed a *pro se* motion to dismiss pursuant to Pa.R.Crim.P. 600, which the court again docketed and forwarded to counsel.

On August 31, 2021, under CP-23-CR-0002858-2022 ("Docket No. 2858"), the Commonwealth filed a criminal complaint charging Appellant with the four counts that were previously dismissed under Docket No. 459. The court appointed Attorney Browning to represent Appellant. On June 20, 2022, the court conducted a preliminary hearing and held all charges for court. The Commonwealth filed an information that charged Appellant with these offenses on July 20, 2022. On July 29, 2022, while he was still represented by Attorney Browning, Appellant filed various *pro se* motions, including a Rule 600 motion and a motion to suppress physical evidence. The court docketed the filings and forwarded them to counsel.

On November 14, 2022, the court held a status hearing and Appellant represented to the court that he wished to proceed *pro se*, with Attorney Browning serving as standby counsel. Based on Appellant's wishes, the court conducted a hearing pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998). Appellant confirmed that he had not taken any medication

or substances that hindered his ability to understand the proceedings. Appellant further affirmed that he was not suffering from any physical or mental conditions that limited his understanding. The court reviewed the charges against Appellant and the maximum sentences that Appellant could face if convicted. Appellant also signed a written waiver of his right to counsel. Based on Appellant's responses, the court granted Appellant permission to proceed *pro se* and appointed Attorney Browning as standby counsel for both dockets. The court further noted that Appellant had previously filed several *pro se* motions and instructed Appellant to put forth any motions he wished to litigate by the next scheduled hearing.

On December 8, 2022, Appellant filed a *pro se* omnibus pre-trial motion at both dockets. As part of his motion, Appellant reasserted his motion to suppress physical evidence. Appellant did not refile his Rule 600 motion at either docket. On January 18, 2023, the court conducted a hearing to address Appellant's outstanding motions. In support of his motion to suppress, Appellant stated that he was falsely arrested by Officer Terrence Broaddus on May 18, 2020 on an unrelated narcotics case. Appellant claimed that while he was incarcerated, Detective Simpkins and Captain Young collected a buccal swab from Appellant's mouth by force. Appellant argued that the buccal swab and the subsequent DNA results should be suppressed because the evidence was gathered when he was in custody pursuant to an illegal arrest.

In response, the Commonwealth noted that Appellant's motion failed to identify the evidence that he sought to suppress and the grounds for

suppression with any specificity. Based on Appellant's statements at the hearing, the Commonwealth presented the search warrant obtained by Detective Simpkins on May 26, 2020 for a buccal swab of Appellant's mouth. The factual basis supporting the warrant included Officer Wiley's observations at the scene, Victim's statement that he was sexually assaulted, surveillance videos depicting Appellant walking to and away from the scene of the offense, and Victim's selection of Appellant's photo as the offender from a photo array. The affidavit of probable cause further noted that Appellant had been arrested by Officer Broaddus of the Chester Police Department for an unrelated narcotics matter. However, this information was only cited as relevant because Detective Simpkins sent Officer Broaddus the surveillance videos from this case and Officer Broaddus opined that the individual in the videos was Appellant. The Commonwealth argued that Appellant failed to establish any specific basis for suppression of the buccal swab collected pursuant to a valid search warrant. The court agreed and denied Appellant's motion to suppress.

The court further noted that Appellant had previously filed *pro se* Rule 600 motions at each docket and afforded Appellant the opportunity to support his claims. Appellant gave a brief, conclusory statement that he was entitled to have the charges against him dismissed because more than 365 days had elapsed since he was arrested. The Commonwealth argued that there was only a period of 35 to 40 days of delay attributable to the Commonwealth and the remaining periods of delay were due to defense requests and defense

motions. Appellant did not refute the Commonwealth's argument in any meaningful way. The court denied Appellant's *pro se* Rule 600 motions for both dockets.

At the conclusion of the January 18, 2023 hearing, the court noted that Appellant averred in several of his filings that he has serious mental health issues and inquired whether a mental health evaluation of Appellant had been conducted in connection with this case. Due to some confusion among the parties as to when an evaluation had been done and a report had been produced, the court ordered Appellant to undergo a psychiatric and psychological evaluation. On January 23, 2023, the court held another status hearing. Prior to the conclusion of the hearing, Appellant informed the court that he no longer wished to proceed *pro se* and requested that Attorney Browning be reappointed as his counsel. The court granted Appellant's request and reappointed Attorney Browning. Appellant was represented by Attorney Browning for the remainder of the trial court proceedings.

Both dockets were tried together at a jury trial that commenced on March 21, 2023. On March 23, 2023, the jury found Appellant guilty of the aforementioned offenses. The court sentenced Appellant on August 11, 2023. Relevant to this appeal, under Docket No. 459, the court sentenced Appellant to five to ten years' incarceration for burglary. Under Docket No. 2858, the court sentenced Appellant as follows: 1) ten to twenty years' incarceration for robbery, to be served consecutively to the sentence imposed under Docket No. 459; 2) five years' probation for criminal trespass, to be served

consecutively; 3) five years' probation for theft by unlawful taking, to be served concurrently; and 4) five years' probation for receiving stolen property, to be served concurrently.

Appellant timely filed post-sentence motions at both dockets on August 21, 2023, which the court denied on December 1, 2023. Appellant timely appealed to this Court.[3] On January 2, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on January 17, 2024. This Court consolidated the appeals *sua sponte* on August 28, 2024.

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of

_____

[3] On December 27, 2023, Appellant filed a notice of appeal, listing both docket numbers in violation of the rules of appellate procedure. **See** Pa.R.A.P.902(a) (stating that notice of appeal must be filed in each docket in which order has been entered). On July 30, 2024, this Court ordered Appellant to file an amended notice of appeal at each docket. **See Commonwealth v. Young**, 670 Pa. 633, 265 A.3d 462 (2021) (holding that when timely appeal is erroneously filed at only one docket, Rule 902 permits appellate court, in its discretion, to allow correction of error). Appellant timely complied on August 1, 2024.

his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***See Santiago, supra*** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." ***Commonwealth v. Reid***, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra*** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> *     *     *
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations

- 10 -

to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw. The application states that counsel has reviewed the record and determined that there are no non-frivolous grounds for an appeal. Counsel subsequently sent a copy of the ***Anders*** brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention. In the ***Anders*** brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's issues on appeal. Counsel also provides the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of ***Anders*** and ***Santiago***. ***See Reid, supra***.

Counsel raises the following issues on Appellant's behalf:

Did the trial court err in denying [Appellant's] motion to dismiss pursuant to Pa.R.Crim.P. 600?

Did the trial court err in denying [Appellant's] motion as to suppression of physical evidence?

Was the verdict against the weight of the evidence as to all criminal charges under [Docket No.] 459 of 2021?

- 11 -

Did the trial court err in denying [Appellant's] motion to modify sentence in reference to running consecutively and not concurrently incarceration imposed as the result of the conviction to burglary under transcript no. 459 of 2021 and robbery under transcript no. 2858 of 2022?

(**Anders** Brief at 4) (reordered for purpose of disposition). Appellant has also filed multiple *pro se* responses[4] to the **Anders** brief claiming: (1) the trial court erred in permitting Appellant to proceed *pro se*; and (2) the Commonwealth committed a **Brady**[5] violation.

In his first issue, Appellant claims that under both dockets, he filed a Rule 600 motion after 365 days had elapsed from when the Commonwealth filed the criminal complaint. Appellant concludes that the court erred by failing to dismiss all charges under both dockets pursuant to Rule 600. We disagree.

The following principles apply to our review of a speedy trial claim:

Our standard of review in a Rule 600 issue is whether the trial court abused its discretion. Our scope of review when determining the propriety of the trial court is limited to the evidence in the record, the trial court's Rule 600 evidentiary hearing, and the trial court's findings. We must also view the facts in the light most favorable to the prevailing party[.]

**Commonwealth v. Risoldi**, 238 A.3d 434, 449 n.14 (Pa.Super. 2020), *appeal denied*, 664 Pa. 562, 244 A.3d 1230 (2021).

_____

[4] On July 25, 2024, Appellant filed two *pro se* applications for relief. On August 13, 2024, Appellant filed a *pro se* response to counsel's **Anders** brief. On August 16, 2024, this Court entered an order providing that Appellant's *pro se* July 25, 2024 applications for relief are considered supplemental *pro se* responses to the **Anders** brief.

[5] **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

"Rule 600 generally requires the Commonwealth to bring a defendant on bail to trial within 365 days of the date the complaint was filed." ***Commonwealth v. Hunt***, 858 A.2d 1234, 1240 (Pa.Super. 2004) (*en banc*). A defendant on bail after 365 days, but before trial, may apply to the court for an order dismissing the charges with prejudice. ***Id.*** at 1240-41. "[A] motion to dismiss pursuant to [Rule] 600 **must** be made in writing, and a copy of such motion **must** be served on the Commonwealth's attorney." ***Commonwealth v. Brock***, 619 Pa. 278, 287, 61 A.3d 1015, 1020 (2013) (emphasis added).

Additionally, "[i]n this Commonwealth, hybrid representation is not permitted." ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa.Super. 2016). Accordingly, our courts "will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities." ***Id.*** "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." ***Id***. Further, "[t]he requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response." Pa.R.Crim.P. 576 cmt.

Instantly, Appellant filed a *pro se* motion to dismiss pursuant to Rule 600 for Docket No. 459 on March 14, 2022, and for Docket No. 2858 on July

- 13 -

29, 2022. When Appellant filed both of these *pro se* motions, Appellant was represented by Attorney Browning. As such, Appellant's *pro se* Rule 600 motions have no legal effect and are therefore legal nullities. **See Williams, supra**. Our review of the record demonstrates that Attorney Browning did not refile a Rule 600 motion or adopt Appellant's *pro se* motion. Additionally, Appellant did not file another *pro se* Rule 600 motion during the time when the court subsequently permitted him to represent himself. Although Appellant orally reasserted his Rule 600 claim at the January 18, 2023 hearing, Appellant failed to preserve this claim by asserting it in a written motion to dismiss and serving it on the Commonwealth's attorney. **See Brock, supra** (concluding that oral motion to dismiss pursuant to Rule 600 is insufficient to preserve claim). As such, Appellant has not preserved a valid Rule 600 claim at either docket for this Court's review.[6]

In his second issue, Appellant asserts that Officer Simpkins and Corporal Young executed the search warrant for a buccal swab of his mouth by force while he was incarcerated on false allegations in an unrelated narcotics case.

_____

[6] Additionally, Appellant failed to support his Rule 600 claim with any specificity at the January 18, 2023 hearing. Appellant merely made a brief conclusory statement without addressing any periods of time that the Commonwealth identified as delay attributable to the defense. The court concluded that Rule 600 was not violated as to either docket because significant periods of time were excludable due to defense continuances, defense motions, and constraints in the judicial calendar. On this record, we discern no error in the court's conclusion. **See Risoldi, supra**. As such, even if Appellant had properly preserved his Rule 600 claim, he would not be entitled to relief.

Appellant argues that due to the general illegality of the police conduct in the unrelated narcotics case, the DNA evidence in this case should be suppressed. Appellant concludes that the court erred in denying his motion to suppress physical evidence on these grounds. We disagree.

> Our standard of review of a trial court's ruling on a suppression motion is "whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Rosario**, 248 A.3d 599, 607 (Pa.Super. 2021). We are bound by the facts found by the trial court so long as they are supported by the record, but we review its legal conclusions *de novo.* **Id.** at 607-08. The trial court has sole authority to pass on the credibility of witnesses and the weight to be given to their testimony. **Id.** at 608. "Our scope of review is limited to the record developed at the suppression hearing, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by the defendant." **Commonwealth v. Kane**, 210 A.3d 324, 329 (Pa.Super. 2019).

**Commonwealth v. Rivera**, 316 A.3d 1026, 1031 (Pa.Super. 2024).

"Although the burden in suppression matters is on the Commonwealth to establish that the challenged evidence was not obtained in violation of the defendant's rights, that burden is triggered only when the defendant states specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof." **Commonwealth v. Freeman**, 128 A.3d 1231, 1241-42 (Pa.Super. 2015) (citation and quotation marks omitted). **See also** Pa.R.Crim.P. 581(D). "[W]hen a defendant's motion to suppress does not assert specifically the grounds for suppression, he or she cannot later complain that the

Commonwealth failed to address a particular theory never expressed in that motion." *Id.* at 1242. Therefore, failure to advance a particular legal theory in the motion to suppress renders the claim waived. *Id.*

Instantly, the court determined that Appellant waived his suppression claims by failing to assert any specific grounds for suppression in his motion to suppress, as required by Rule 581(D).[7] The record supports the court's conclusion. Although Appellant's motion to suppress asserts generally that the physical evidence in this case should be suppressed based on violations of his Fourth and Fourteenth Amendment rights, the motion consists largely of an unsupported factual narrative that is difficult to follow. Appellant mainly discusses alleged illegal conduct by Officer Broaddus, who is an officer in an unrelated police department, in connection with an unrelated narcotics case. Appellant loosely claims that that the evidence in this case should be suppressed because it was seized pursuant to a defective warrant without any further elaboration or specificity. Appellant's motion also did not specify or refute any of the factual averments supporting the search warrant for the buccal swab but rather claims that the search warrant is deficient because Officer Broaddus did not have probable cause to arrest him in an unrelated case. Officer Broaddus did not participate in this case and is only briefly and

_____

[7] Appellant originally raised his suppression claims in *pro se* motions to suppress, filed at each docket while he was represented by counsel. Those motions have no legal effect. **See Williams, supra**. Nevertheless, Appellant reasserted his suppression claims in the omnibus pretrial motion that he filed on December 8, 2022, when he was representing himself.

tangentially mentioned in the affidavit of probable cause. On this record, we cannot say the court erred in concluding that Appellant waived his suppression claims by failing to identify the basis of his claims with specificity in his motion. *See Rivera, supra*; *Freeman, supra*.

In his third issue, Appellant asserts that all his convictions under Docket No. 459 were against the great weight of the evidence. Appellant concludes that the court erred in denying his post-sentence motion and this Court should vacate his convictions. We disagree.

A challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. Rule of Criminal Procedure 607 provides:

> **Rule 607. Challenges to the Weight of the Evidence**
>
> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A). "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004) (internal quotation marks omitted). A boilerplate post-sentence motion stating that the verdict was against the weight of the

evidence does not preserve an issue for appellate review unless it specifies in what manner the verdict was against the weight of the evidence. ***Commonwealth v. Holmes***, 461 A.2d 1268, 1270 (Pa.Super. 1983).

Additionally, "in order to preserve a challenge to the … weight of the evidence on appeal, an appellant's Rule 1925(b) concise statement must state with specificity the elements or verdicts for which the appellant alleges that the evidence was … against the weight of the evidence." ***Commonwealth v. Juray***, 275 A.3d 1037, 1048 (Pa.Super. 2022). "Such specificity is of particular importance in cases where [the] appellant was convicted of multiple crimes, each of which contains elements that the Commonwealth must prove beyond a reasonable doubt. This is so even where the trial court issued an opinion addressing the substance of the claim." ***Id.***

Here, Appellant was convicted of eleven separate offenses across two dockets. Nevertheless, Appellant's post-sentence motion merely states: "The verdict of the jury as to all charges in reference to both [docket] numbers was against the weight of the evidence." (Post-Sentence Motion, filed 8/21/23, at 3) (unpaginated). Similarly, Appellant's Rule 1925(b) statement states: "Was the verdict against the weight of the evidence as to all criminal charges under [Docket] No. 459 of 2021 and 2858 of 2022?" (Rule 1925(b) Concise Statement, filed 1/17/24, at 1). Appellant's failure to specify in his post-sentence motion or concise statement the elements or verdicts for which he alleges that the evidence was against the weight of the evidence amounts to

- 18 -

waiver of his claims. *See Juray, supra*; *Holmes, supra*.

In his fourth issue, Appellant asserts that court abused its sentencing discretion by ordering that the sentence for his robbery conviction run consecutive to his sentence for burglary. Appellant concludes that the court erred in denying his motion to modify the sentence, and this Court should vacate the sentence for robbery and remand for resentencing. We disagree.

As presented, Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant

must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13.

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather

> than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Austin, supra* at 808 (internal citations and quotation marks omitted).

Instantly, Appellant raised his sentencing issue in a post-sentence motion and filed a timely notice of appeal. Although Appellant failed to include the requisite Rule 2119(f) statement, we can overlook counsel's error in light of the filing of an *Anders* brief in this case. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009). Nevertheless, Appellant's challenge to the imposition of consecutive sentences does not raise a substantial question warranting our review. *See Mouzon, supra*. *See also Austin, supra*. Thus, Appellant has not properly invoked this Court's jurisdiction to review his sentencing claim. *See Evans, supra*.

Having addressed the issues presented in counsel's *Anders* brief, we turn our attention to Appellant's *pro se* responses. Therein, Appellant asserts that counsel failed to meet the mandates of *Anders* because counsel failed to raise all the claims that Appellant wished to raise in his Rule 1925(b) statement. Specifically, Appellant contends that counsel failed to raise a claim that the court erred in permitting Appellant to represent himself in light of Appellant's documented mental health disorders. Appellant claims that he has been diagnosed with schizoaffective disorder, anxiety disorder, post-traumatic stress disorder, and substance abuse issues. Appellant concludes that the court erred in concluding that Appellant was competent to represent himself

following the *Grazier* hearing. We disagree.

Regarding the competency required to waive the right to counsel, our Supreme Court has stated:

> [T]he competency standard for waiving the right to counsel is precisely the same as the competency standard for standing trial, and is not a higher standard. We have formulated this standard as follows: whether the defendant has the ability to consult with counsel with a reasonable degree of understanding and whether the defendant has a rational understanding of the nature of the proceedings. The focus is properly on the defendant's mental capacity, *i.e.,* whether he or she has the **ability** to understand the proceedings. If a court finds a defendant incapable of waiving the right to counsel, then the court must also conclude that the defendant is incapable of standing trial. Finally, it is important to recognize that a defendant is presumed to be competent to stand trial, and the burden is on the appellant to prove that he was incompetent.

*Commonwealth v. Spotz*, 610 Pa. 17, 55-56, 18 A.3d 244, 266 (2011) (citations and quotation marks omitted).

Here, the record does not support Appellant's claim that he was not competent to waive his right to counsel. At the *Grazier* hearing, Appellant responded appropriately to the court's questions and clearly demonstrated an understanding of the proceedings. Appellant represented that he was not suffering from any physical or mental conditions that limited his understanding of the proceedings. Appellant affirmed that he understood the consequences and responsibility of proceeding *pro se*. Appellant further asked questions about the role of standby counsel and affirmed that he wished to represent himself with the ability to consult standby counsel. Appellant had also filed

many *pro se* motions by this point, clearly demonstrating that he had a reasonable understanding of the nature of the proceedings. On this record, we cannot say the court erred in permitting Appellant to proceed *pro se* following the **Grazier** hearing.[8] **See Spotz, supra**.

Appellant also claims that counsel failed to assert a claim that the Commonwealth violated **Brady**. Appellant's argument is difficult to follow. Appellant largely reasserts the claim he raised in his motion to suppress, regarding the unrelated narcotics case and the execution of the search warrant for a buccal swab of his mouth while he was incarcerated. Appellant further avers that when he was arrested by Officer Broaddus for the narcotics case, he had a knife on his person. However, Officer Broaddus did not report that a knife was recovered during his arrest. Appellant argues that "if Officer Broaddus … would have reported that he[] recovered a knife, such information may have been used as evidence against the defendant because the victim said the suspect use[d] a knife in this crime." (Application for Relief, filed 7/25/24, at 1). Appellant entirely fails to explain how this evidence would have been beneficial to him and he appears to concede that any evidence of

_____

[8] We also note that Appellant was represented by counsel for the vast majority of the pendency of this case, including at trial, sentencing, and the post-sentence period. The only motions that were resolved when Appellant represented himself were the *pro se* motions that Appellant filed. As such, even if the court had erred in permitting Appellant to proceed *pro se* during this short time period, Appellant fails to explain how he was harmed by any such error.

a knife recovered from his person would have been helpful to the Commonwealth's case. *See Commonwealth v. Murray*, 174 A.3d 1147, 1152 (Pa.Super. 2017) (reiterating that to establish *Brady* violation, defendant has burden of proving that: (1) evidence at issue **was favorable to defendant**, either as exculpatory or impeachment evidence; (2) evidence was suppressed by prosecution, either willfully or inadvertently; and (3) defendant was prejudiced.") As such, Appellant's *Brady* claim lacks merit and Appellant has failed to identify any non-frivolous issues that counsel failed to assert on his behalf.[9]

Nevertheless, our review of the record indicates that the court's judgment of sentence imposed at Docket No. 2858 is legally infirm. *See Commonwealth v. Randal*, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (explaining challenges to illegal sentence may be raised by this Court *sua sponte*). In its Rule 1925(a) opinion, the trial court observed that theft by unlawful taking and receiving stolen property merge with robbery for purposes

---

[9] Appellant also asserts that Officer Broaddus transported him to Tinicum Township and released him there on May 17, 2020 when he was hallucinating, homicidal, suicidal, and withdrawing from various substances. As a result, Appellant claims that he was not consciously aware of any offenses that he committed when he was released in Tinicum Township. Appellant's factual averments are not in the record, and it is unclear what claim Appellant is asserting on appeal. To the extent that Appellant is claiming trial counsel was ineffective for failing to present evidence of this claim at trial, Appellant must wait for collateral review. *See Commonwealth v. Rosenthal*, 233 A.3d 880 (Pa.Super. 2020) (reiterating general rule that ineffectiveness claims are not cognizable on direct appeal and must be deferred until collateral review).

of sentencing. As such, the sentence imposed for Appellant's theft by unlawful taking and receiving stolen property convictions are illegal. We agree with the court's analysis. *See* 42 Pa.C.S.A. § 9765 (stating that no crimes shall merge for sentencing purposes unless they arise from single criminal act and all of statutory elements of one offense are included in statutory elements of other offense; where crimes merge for sentencing purposes, court may sentence defendant only on higher graded offense). ***See also Commonwealth v. Jenkins***, 96 A.3d 1055, 1057 (Pa.Super. 2014) (acknowledging that theft charges merged with robbery charge for sentencing because theft is a necessary ingredient of robbery); ***Commonwealth v. Yancey***, 447 A.2d 1041, 1043 (Pa.Super. 1982) (concluding that offenses of theft by unlawful taking and receiving stolen property merge into offense of robbery). Accordingly, we are constrained to vacate Appellant's judgment of sentence for his theft by unlawful taking and receiving stolen property convictions.

We need not remand for resentencing, however, because the court sentenced Appellant for both of these offenses to five years' probation to be served concurrently with the sentence of five years' probation imposed for his criminal trespass conviction. As such, Appellant's aggregate sentence remains undisturbed. ***See Commonwealth v. Henderson***, 938 A.2d 1063 (Pa.Super. 2007), *appeal denied*, 598 Pa. 746, 954 A.2d 575 (2008) (holding that remand for resentencing is not necessary when this Court vacates portion of judgment of sentence and aggregate sentence remains identical).

Our independent review of the record does not reveal any additional, non-frivolous issues preserved on appeal. **See Palm, supra**. Accordingly, we vacate Appellant's judgment of sentence for theft by unlawful taking and receiving stolen property; and affirm Appellant's judgment of sentence in all other respects.[10]

Judgment of sentence affirmed in part and vacated in part. Petition to withdraw is granted. Jurisdiction is relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2025

---

[10] On November 8, 2024, Appellant filed an application for relief with this Court, requesting that this matter be remanded to the trial court. Appellant largely reiterates the claims he made in his motion to suppress asserting that he was falsely arrested on the unrelated narcotics case. Appellant adds that those charges were subsequently dismissed. For the reasons already discussed herein, we deny Appellant's application for relief.